UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TORRENCE LARRY | CAUSE NO.: 1:17-CR-40-HAB<br>1:24-CV-196-HAB |

**OPINION AND ORDER**

After a three-day jury trial, Defendant, Torrence Larry, was found guilty of all drug and gun crimes charged in the six-count superseding indictment. (ECF No. 134). He was sentenced to 420 months' imprisonment. (ECF No. 154). Defendant now lodges a series of challenges to his conviction based on ineffective assistance of counsel and actual innocence. (ECF No. 180). He also moved for discovery of materials from the Government which he believes support vacating his conviction under 28 U.S.C. § 2255. (ECF Nos. 178, 181). Defendant's discovery request fails to establish good cause such that discovery is warranted. And from the record, Defendant's counsel was effective, and his other claims lack merit. For these reasons, Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 180) and Motion for Stay and Renewal of Productions of Discovery (ECF No. 181) will be DENIED.

**A. Factual and Procedural Background**

In 2017, Defendant sold drugs to a confidential informant ("CI") during three controlled buys. (ECF No. 144). On May 17, 2017, he sold 0.42 grams of cocaine base and 0.27 grams of heroin with the presence of fentanyl to the CI. (*Id.* ¶¶ 4-5). On May 30, 2017, he sold another .49 grams of heroin with the presence of fentanyl to the CI. (*Id.* ¶¶ 6-7). And on June 15, 2017, Defendant sold 0.87 grams of cocaine to the CI. (*Id.* ¶¶ 9-10).

Following the successful controlled buys, officers obtained a search warrant for Defendant's residence. (*Id.* ¶ 11). There, officers found 3.94 grams of cocaine, 11.162 grams of pure methamphetamine, and 4.4 grams of crack cocaine. (*Id.*). They also discovered several tools of the drug trade including plastic baggies (some with the corners torn off), a scale, and baking soda. (*Id.*). "[Defendant] as much as admitted that the drugs were for distribution" in recorded jail calls after his arrest.[1] *United States v. Larry*, No. 22-1610, 2023 WL 2136782, at *1 (7th Cir. Feb. 21, 2023). In the same nightstand where the officers found the drugs, they also discovered a Glock handgun. (ECF No. 144, ¶ 12). The firearm was stolen. (*Id.*). Defendant had prior felony convictions for Armed Robbery and Possession of a Firearm in Relation to a Crime of Violence, Case No. 1:98-CR-34, and Dealing in Cocaine or Narcotic Drug, Case No. 02D04-1104-FA-28.

From this evidence, the Government filed a six-count superseding indictment charging Defendant with:

- Count 1—Distribution of Less than 500 grams of Cocaine and Less than 100 grams of Heroin;
- Count 2—Distribution of Less than 100 grams of Heroin;
- Count 3—Distribution of Less than 500 grams of Cocaine;
- Count 4—Possession with Intent to Distribute less than 500 grams of Cocaine and 5 or more grams of Methamphetamine;
- Count 5—Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and
- Count 6—Felon in Possession of a Firearm.

---

[1] "In a conversation recorded while Larry was in jail, a woman urged him to argue that the drugs were for personal use: 'if everything was less than a gram, I mean, you could say that it was like personal use'. To which Larry replied: 'Yeah but that—the stuff that was laying there was like ten and ten. Ten grams. Ten grams. That's the thing.'" *Larry*, 2023 WL 2136782, at *1.

2

(ECF No. 70). Defendant took his case to trial where he was represented by Counsel, Robert Gevers ("Attorney Gevers"). (ECF Nos. 129-34). The jury found Defendant guilty of all charges. (ECF No. 134).

Attorney Gevers also represented Defendant at sentencing. Count 4 carried a statutory mandatory minimum term of five-years' imprisonment. (ECF No. 144, ¶ 92). Because of Defendant's prior 18 U.S.C § 924(c) conviction, Count 5 carried a statutory mandatory minimum of 25-years' imprisonment to run consecutive to all other counts. (*Id.* ¶¶ 92-93). On April 8, 2022, the Court sentenced Defendant 120 months' imprisonment on Counts 1, 2, 3, 4, and 6, all to run concurrently, and 300 months on Count 5 to run consecutive to Counts 1, 2, 3, 4, and 6. (ECF No. 154). In total, Defendant received a 420-month sentence, well below his guideline range of 562 to 627 months' imprisonment. (ECF No. 144, ¶ 94).

On April 11, 2022, Defendant appealed, and his appellate counsel became Kent Carlson ("Attorney Carlson"). (ECF Nos. 157, 161). He posited that there was insufficient evidence to support his convictions as alleged in Count 4 and Count 5 of the Superseding Indictment. *See Larry,* No. 22-1610 at DE 19). The Seventh Circuit denied Defendant's appeal on all grounds and entered final judgment, affirming this Court's judgment. (ECF No. 172). Defendant did not file a writ of certiorari with the Supreme Court.

In March 2024, Defendant filed a request for discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings that this Court denied because Defendant did not have a pending motion under Section 2255. (ECF No. 179). Defendant then filed the current Section 2255 Motion (ECF No. 180) and a Motion for Stay and Renewal Production of Discovery (ECF No. 181). The Court ordered the Government to respond to both motions, which it did. (ECF Nos. 183, 185). Defendant did not file a reply within the Court ordered deadline. He instead expressed

3

confusion about his case and asked for clarity. In light of the confusion, the Court gave him another 30 days to file his Reply "regarding both motions." (ECF No. 187). Defendant did reply to the Government's arguments on discovery. (ECF No. 189). But in his reply to his Section 2255 Motion, he stated, "I don't know if I should respond to the 2255 part[.]" (ECF No. 188). The Court responded that Defendant should and gave Defendant yet another 30 days to file his reply. (ECF No. 190). Defendant filed his reply but did not provide any new facts or argument. (ECF No. 192).

### B. Legal Standards

#### 1. Section 2255

Under Section 2255(a) of Title 28 a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Section 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Relief sought under Section 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). And a court may deny a Section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

#### 2. Ineffective Assistance of Counsel

4

The Sixth Amendment provides criminal defendants with the right to counsel and "inherent in this right is that the defendant is entitled to effective assistance of counsel." *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that their counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Indeed, "[s]urmounting *Strickland'*s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *See also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). A court must view "the conduct from the counsel's perspective at the time" absent "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

On the first prong, the court applies a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). An attorney "need not be perfect, indeed not even very good, to be constitutionally adequate." *Dean v. Young*, 777 F.2d 1239, 1245 (7th Cir. 1985). "A strategic decision, even if clearly wrong in retrospect, cannot support a claim that counsel's conduct was deficient." *United States v. Yancey*, 827 F.2d 83, 90 (7th Cir. 1987).

On the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harringto*n, 562 U.S. at 104 (internal quotation and citation omitted). The errors must render the proceeding "fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).

A defendant is not entitled to a hearing if his allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

### C. Discussion

Defendant gives the following reasons for why he believes his counsel was ineffective: (1) "Attorney failed to challenge or investigate fraud on the court"; (2) "multiplicity [and] duplicity concerning Counts 1, 2, 3, 4, and 5"; (3) "fraud on the grand jury proceedings"; (4) "excessive charging"; (5) "prosecutor misconduct [and] actual innocence"; and "*Ruan* and *Bruen* issues[.]" (ECF No. 180). He then claims actual innocence, again based on the Supreme Court cases *Ruan v. United States*, 597 U.S. 450 (2022) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). In his Section 2255 Motion, utilizing the standardized AO 243 form, Defendant did not allege any facts which support such claims despite the form specifically stating to do so. (ECF No. 180 at 4) ("(a) Supporting facts (Do not argue or cite law. Just state specific facts supporting your claim.)"). Nor did he develop those facts through a reply to the Government's Response Brief (ECF No. 185) despite multiple extensions and opportunities to do so. There is thus little, if any, factual basis to support his entitlement to "extraordinary relief" under Section 2255. *See Almonacid*, 476 F.3d at 521. And "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief." 28 U.S.C. § 2255(b).

#### 1. Ineffective Assistance of Counsel

##### i. Failure to Challenge or Investigate Fraud on the Court

Defendant first claims that Attorney Gevers was ineffective by failing to challenge or investigate fraud on the Court. Yet Defendant did not provide any factual support in his 2255 Motion or his reply brief. (ECF No. 180). From his discovery request, the Court infers that he

likely thinks that the Government committed fraud by overcharging him in the Superseding Indictment based on the drug quantities for certain counts. (ECF No. 178). But the problem for Defendant is that the evidence was consistent with the drug amounts charged in the Superseding Indictment.

Count 1 charged Defendant with distributing *less than* 500 grams of cocaine and *less than* 100 grams of heroin. During the controlled buy relating to Count 1, Defendant sold 0.2 grams of cocaine and 0.4 grams of heroin to the CI. Those amounts are completely consistent with the Indictment. The same is true for Count 2 where Defendant was charged with distributing *less than* 100 grams of heroin and sold 0.6 grams of heroin; Count 3 where he was charged with distributing *less than* 500 grams of cocaine and sold 0.8 grams of cocaine; and Count 4 where he was charged with possessing with intent to distribute *less than* 500 grams of cocaine and 5 grams *or more* of methamphetamine, and about 4 grams of cocaine and about 10 grams of methamphetamine were found during the search of his residence. There is no evidence that the Government lied in the Superseding Indictment and, indeed, the record reveals the opposite. There is thus no reason to believe that Attorney Gevers was deficient by not pursuing such an accusation.

### ii. Multiplicity and Duplicity Concerning Counts 1, 2, 3, 4, and 5

Defendant next contends that Attorney Gevers was deficient because he believes that Counts 1 through 5, or some counts in combination, should have been charged as a single offense. At the same time, he argues that some or all the Counts were duplicitous. "The government may not charge a single offense in several counts" and "the purpose of this rule is to prevent multiple punishments for the same act[.]" *United States v. Snyder*, 189 F.3d 640, 646-47 (7th Cir. 1999) (citations omitted). "'[W]here the same act or transaction consitiutes a violation of two distinct statutory provisions,'" the test for determining "'whether there are two offenses or only one, is

7

whether each provision requires proof of a fact which the other does not.'" *United States v. Schiro*, 679 F.3d 521, 525 (7th Cir. 2012) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). But "where Congress specifically authorizes cumulative punishment…the *Blockburger* test is irrelevant*." United States v. Powell*, 894 F.2d 895, 900 (7th Cir. 1990) (Charging Defendant under 18 U.S.C. §841 and §846, as well as 18 U.S.C. §924(c) is not multiplicative because Congress specifically authorized cumulative punishment).

"Duplicity, by contrast, is the joining of two or more separate offenses in a single count of an indictment." *United States v. Conley*, 291 F.3d 464, 469 n.4 (7th Cir. 2002). But "[a] count is not duplicitous if it simply charges the commission of a single offense by different means." *United States v. Tanner*, 471 F.2d 128, 138 (7th Cir.1972). And multiple factual scenarios may be used to establish a single charged offense in the indictment. *United States v. Folks*, 236 F.3d 384, 391 (7th Cir.2001).

Again, Defendant presented no evidence or argument on how the charges in the Superseding Indictment were multiplicative or duplicative. And nothing in the record indicates that the Superseding Indictment was deficient in such a way. In Counts 1, 2, and 3, Defendant was charged with distributing drugs three times, all of which arose from different controlled buys on different dates. There is nothing multiplicative regarding those counts. And charging Defendant with multiple controlled substances in individual counts is not duplicitous; it is multiple manners of establishing the same offense during the same transaction or incident. *See Folks*, 236 F.3d at 391. Count 4 charged Defendant with possession with the intent to distribute controlled substances arising from the search of Defendant's home—another separate incident that is not multiplicative or duplicative of the other counts. Count 5 charged Defendant with possession of a firearm in furtherance of a drug trafficking crime and Count 6 charged him with being a felon in possession

of a firearm. Those Counts too are neither multiplicative nor duplicative of one another. See *United States v. Stewart*, 2009 WL 2149603, at *1-*2 (N.D. Ill. July 17, 2009); *see also Powell*, 894 F.2d at 900.

Nothing in the record suggests that the Government's manner of charging Defendant was either multiplicative or duplicative. There is thus no basis for this Court to conclude that his counsel was deficient for not pursuing such claims.

### iii. Fraud During Grand Jury Proceedings

There is no evidence in this case of fraud on the grand jury and Defendant does not elaborate on what fraud he believes occurred. From his discovery request, it appears to fall in line with his argument that the drug quantities charged in the Superseding Indictment were excessive. As stated, the Superseding Indictment was proper and consistent with the evidence at trial. There is thus no basis to believe Defendant's counsel was deficient for not investigating alleged fraud on the grand jury. Nor was his appellate counsel deficient for not pursuing such an argument on appeal.

### iv. Excessive Charging

Defendant next claims that his counsel was ineffective because of "excessive charging" but fails to explain how his charges were somehow excessive. And, in any event, the charges in the Superseding Indictment were supported by the evidence at trial. (ECF No. 144 at 5-7). There is no basis in the record for the Court to conclude that his charges were excessive, and no reason to believe that his counsel was deficient for not further exploring that avenue.

### v. Prosecutor Misconduct and Actual Innocence

Defendant claims prosecutor misconduct—again, with no evidence or argument to support such a claim. The Court sees no evidence of such a claim in the record either. Likewise, he does

not provide any facts or evidence to support his claim of actual innocence. At trial, Attorney Gevers did argue that Defendant was innocent of Counts 4 and 5. (Trial Tr. Day 3, ECF No. 165 at 66-67). This was a strategic decision because the evidence on Counts 1, 2, and 3 consisted of three successful controlled buys—some pretty strong evidence. For Count 6, the evidence demonstrated that a firearm was found in Defendant's residence, and he was previously convicted of a felony. Arguing innocence facing such evidence would have likely been futile. On appeal, Defendant did challenge the sufficiency of the evidence on Counts 4 and 5. In denying Defendant's arguments, the Seventh Circuit stated, "it is easy to see how a rational jury could have convicted [Defendant] on Counts 4 and 5." *Larry*, 2023 WL 2136782, at *1.

That said, his claims of prosecutorial misconduct and actual innocence are unsupported and there is no reason to believe his counsel was deficient on that basis.

### vi. *Ruan* and *Bruen*

Defendant's final claim for ineffective assistance of counsel apparently relies on *Ruan v. United States*, 597 U.S. 450 (2022) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), but he does not explain how those cases apply to him. In any event, the Court fails to see how such cases would. *Ruan* involved a mens rea requirement in the context of the "except as authorized" provision for distribution of controlled substances by medical professionals. 597 U.S. 450. Defendant is not a medical professional, so that case has no application. And, although *Bruen* concerned firearms possession, the Supreme Court did not hold that felons have the right to possess firearms nor permit them for the use in drug trafficking crimes. 597 U.S. 1; *see also United States v. Eason*, 2024 WL 639350, at *6 (N. D. Ind. Feb. 15, 2024). *Bruen* does not apply to Defendant either under the circumstances. The Court thus does not find his counsel deficient for not raising challenges under that authority.

Having found no reason why Defendant's trial or appellate counsel was deficient in any way, the Court need not reach the prejudice prong of his ineffective assistance of counsel claim. And the Court will not vacate Defendant's sentence on that basis.

### 2. *Ruan* and *Bruen,* Again

Apart from his claims of ineffective assistance of counsel, Defendant believes that the Court should vacate his sentence because he is actually innocent under *Ruan* and *Bruen.* To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

As with his claims of ineffective assistance of counsel, Defendant presented no new evidence or factual allegations to support his claim of actual innocence under *Ruan* and *Bruen.* In any event, for the reasons above, those cases do not support Defendant's position that he was "actually innocent." And even if those cases did affect Defendant, the Supreme Court did not make those opinions retroactive. *Bruen*, 597 U.S. 1; *Ruan*, 597 U.S. 450; *See also* 28 U.S.C. § 2255(f)(3*)* (recognizing tolling of the limitations period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]").

Moreover, because the Court finds that his appellate counsel was not deficient for not arguing under such authority, Defendant has procedurally defaulted these claims. A Section 2255 motion cannot raise: (1) issues raised on direct appeal, unless there is a showing of changed

11

circumstances; (2) non-Constitutional issues that could have been raised on direct appeal but were not; and (3) Constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). In his appeal, Defendant only challenged the sufficiency of the evidence on Counts 4 and 5, presenting no challenge to the other Counts. *Ruan* and *Bruen* were decided in June 2022 and his appellate brief was filed about four months after. He had the opportunity to raise those challenges and did not. And he does not explain—other than in conclusory fashion—why he did not raise these issues on appeal, how his circumstances have changed, how he was prejudiced, or how there was a miscarriage of justice. His 2255 Motion must therefore be denied.

### 3. Defendant's Discovery Request

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery." "Such discovery may be allowed in the discretion of the district court where a petitioner in a § 2255 proceeding has demonstrated good cause for such discovery." *United States v. Veals*, 2010 WL 1791005, *2 (C.D. Ill. April 30, 2010). To satisfy the requirements of Rule 6(a), "[Defendant] must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause'" for the discovery. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). But "[g]ood cause…cannot exist where the facts alleged do not provide a basis for relief." *Id.*

Defendant's request (ECF No. 178) does not establish good cause. He seeks evidence to support his claim that the drug amounts listed in the Superseding Indictment were inconsistent with the evidence. As the Court has now said repeatedly, the opposite is true; the drug amounts charged in the Superseding Indictment are consistent with the evidence.

Defendant appears to conflate the charging amounts in Superseding Indictment with the § 2D1.1 sentencing guideline weights for controlled substances. His request is for claims of "misconduct by the government by way of excessive charging and fraud on the grand jury proceedings, as well as fraud on the court." (ECF No. 178 at 3). The converted drug weights as detailed in the PSR had no effect on the grand jury proceedings. The PSR was not even created until after Defendant's trial. And the probation officer explains the basis for those conversions in the PSR itself. (ECF No. 144, ¶ 36). Defendant's offense level also was "driven by his career offender status and" his drug weights "[had] no impact on his guidelines." (*Id.* ¶ 23). Even if warranted (it is not), adjusting those drug weights would not affect his guideline calculation. And any such challenge would not otherwise be a constitutional claim. *See United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014).

Defendant's challenge to the drug weights in the Superseding Indictment and questions related to his sentencing guidelines do not provide good cause for discovery. His request will thus be denied.

### D. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880,

893 & n.4 (1983). Defendant has not made a substantial showing, so the Court declines to enter a certificate of appealability.

### E. Conclusion

For the reasons stated above, the Court DISMISSES Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 180); DENIES Defendant's Motion for Stay and Renewal of Production of Discovery (ECF No. 181); and DECLINES to issue a certificate of appealability.

SO ORDERED on March 17, 2025.

    s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT